## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

| | |
|---|---|
| Heather Harms,<br><br>   Plaintiff,<br>v.<br><br>Windham Professionals, Inc., and Latoya Isom, Linda Doe, and Carrie Doe,<br><br>   Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## **PARTIES**

4. Plaintiff Heather Harms is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Windham Professionals, Inc., (hereinafter "Defendant Windham") is a collection agency operating from an address of 380 Main Street, Salem, NH 03079 and from 500 West Main ST Ste 14, Hendersonville, Tennessee 37075, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Latoya Isom (hereinafter "Defendant Isom") is a natural person who was employed at all times relevant herein by Defendant Windham as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Linda Doe (hereinafter "Defendant Linda Doe") is a natural person who was employed at all times relevant herein by Defendant Windham as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Carrie Doe (hereinafter "Defendant Carrie Doe") is a natural person who was employed at all times relevant herein by Defendant Windham as a

collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. On or around 2002, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal student loan debt with Sallie Mae, Inc., in the approximate amount of $14,000.00.

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *October 8, 2009*

11. On or about October 8, 2009, at approximately 8:40 a.m., Defendant Windham's collector, Defendant Latoya Isom, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. Defendant Isom called Plaintiff at work and spoke with Plaintiff's coworker, Ms. Melody Lee.

13. Defendant Isom told Ms. Lee who she was, where she was calling from, and that it was regarding a "personal" matter.

14. Ms. Lee then relayed this information to Plaintiff, who in turn told Ms. Lee to take a message and instruct Defendants not to call her at work again.

15. Ms. Lee then explained to Defendant Isom that Plaintiff could not take calls at work and that she was to take a message.

16. Defendant Isom was belligerent and told Ms. Lee that she was rude.

17. Defendant Isom also repeatedly stated that the matter was urgent and that she needed to speak with Plaintiff immediately.

18. Ms. Lee then told Defendant Isom that this matter did not concern her and thereafter she hung up.

19. Plaintiff was extremely embarrassed by this call to her workplace and by the way her co-worker was mistreated by Defendant Isom.

20. All of the above-described collection communications made to Plaintiff and her co-worker by Defendant Isom and other collection employees employed by Defendant Windham, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(5), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

*October 8, 2009*

21. Sometime thereafter, Plaintiff returned the call to Defendant Isom and explained that she had been out of town attending two funeral services, one for her father and one for her grandfather.

22. Defendant Isom responded by saying that she could not guarantee that this matter would still be on her desk the next day and advised Plaintiff that it was important that she speak to Plaintiff about this matter that day.

23. Plaintiff again advised Defendant Isom that she could not take calls at work and would need to speak to her later.

24. Defendant Isom told Plaintiff that if she did not make payment in full or arrangements that very day, that Plaintiff's wages would be garnished.

25. Plaintiff was very frightened by this remark and agreed to set up a payment plan.

26. Defendant Isom explained to Plaintiff that the loan rehabilitation program involved making an up-front "good faith" payment of $1,400 and then minimum payments of $220 per month.

27. Defendant Isom made no effort to determine a reasonable and affordable repayment amount as required by federal law and dictated these terms to Plaintiff without regard to any of Plaintiff's personal financial situation in violation of federal law regulating educational loans.

28. The Family Federal Educational Loan Program (FFEL) 34 C.F.R. § 682 et seq. does not require that Plaintiff make a down payment in order to establish a rehabilitation repayment plan with a third-party student loan collector and prohibits the imposition of such a payment in order to establish a loan rehabilitation repayment plan.

29. At no time did Defendant Isom ever discuss Plaintiff's personal expenses, or economic circumstances, in attempting to determine a reasonable and affordable monthly payment amount to rehabilitate this student loan, and as required by the FFEL, 34 C.F.R. § 682.405.

30. The "good faith" payment demanded by Defendant Isom amounted to 10% of the balance of the student loan, and constituted an illegal demand for a minimum payment as a requirement to enter into a student loan rehabilitation plan, done in violation of the FFEL, 34 C.F.R. § 682.405 et seq., because it was an arbitrary minimum payment which did not take into account Plaintiff's income, expenses, and economic circumstances as required under the FFEL in determining a "reasonable and affordable" monthly repayment amount.

31. Defendant Isom's refusal to allow Plaintiff to enter into a loan rehabilitation program pursuant to the FFEL, specifically, 34 C.F.R. § 682.405 et seq., was an unfair, false, and deceptive act in violation of the FFEL and an unfair, false, and deceptive act in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1), amongst others.

### *October 8, 2009*

32. Later that same day, October 8, 2009, Plaintiff called Defendants back and spoke with Defendant Isom.

33. Plaintiff was feeling uneasy and had misgivings about the down payment and the payment plan.

34. Plaintiff spoke to the supervisor because Defendant Isom said there was nothing she could do to stop the down payment from being withdrawn from Plaintiff's bank account.

35. Defendant Isom then transferred Plaintiff to another person, Defendant Linda Doe, who was identified as a supervisor.

36. Plaintiff spoke to Defendant Linda Doe who in part explained that 1/3 of the monthly payments went toward collection fees, 1/3 of the payments went toward interest, and only 1/3 went to pay the balance of the loan.

37. This description of how the loan payments were applied and their relative proportions was a false and deceptive representation by Defendant Linda Doe in an attempt to collect a debt.

38. Collection fees on student loans are statutorily limited to no more than 25% of the defaulted balance and the interest rate on Plaintiff's students loans do not amount to an additional 50% of the principal balance as suggested by Defendant Linda Doe.

39. Defendant Linda Doe's false representations to Plaintiff with regard to her a loan rehabilitation program pursuant to the FFEL, specifically, 34 C.F.R. § 682.405 et seq., were an unfair, false, and deceptive act in violation of the FFEL and an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1), amongst others.

### *October 20, 2009*

40. On or about October 20, 2010, Defendant Isom called Plaintiff at work and had herself transferred through to the emergency road service line where Plaintiff was busy helping customers.

41. Plaintiff was embarrassed to have personal calls routed through the emergency road service line and again informed Defendant Isom that she was not able to receive calls at work.

42. Defendant Isom acknowledged that fact, but then said that she needed to speak to Plaintiff in attempt to collect this debt.

43. Defendant Isom again threatened to have Plaintiff's wages garnished.

44. Defendant Isom stated that she was a debt collector and then hung up on Plaintiff.

45. Plaintiff was worried about these calls affecting her performance at her job and even potentially putting her job at risk.

46. Defendant Isom's conduct in calling Plaintiff again at her workplace was an illegal attempt to collect this debt and harassing, oppressive, and abusive conduct in violation of the FFEL, and an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1), amongst others.

### *December 29, 2009*

47. On or about December 29, 2009, Plaintiff received another collection call at work from Defendant Carrie Doe.

48. Defendant Carrie Doe threatened Plaintiff at work with the garnishment of her wages for these student loans.

49. Defendant Carrie Doe's collection call again came through the Plaintiff's work emergency road service line call center, which unnerved and upset Plaintiff.

50. Plaintiff again advised Defendant Carrie Doe that she was not able to receive phone calls at work.

51. Defendant Carrie Doe kept talking about why she was calling and dismissed the fact that she was calling a "do not contact" number.

52. Thereafter this illegal collection call to Plaintiff's workplace ended.

53. Defendant Carrie Doe's conduct in calling Plaintiff again at her workplace was an illegal attempt to collect this debt, and harassing, oppressive, and abusive conduct in violation of the FFEL, and an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), and 1692f, amongst others.

*Summary*

54. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant Windham, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

55. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions

of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

56. This series of abusive collection calls by Defendants caused Plaintiff to at times cry and made her physically ill because of the aggressive manner in which this debt was collected by these Defendants.

57. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

58. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Windham who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Windham.

59. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the

responsibilities these agents were authorized to perform by Defendant Windham in collecting consumer debts.

60. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Windham.

61. Defendant Windham is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

62. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

65. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

66. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

67. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

68. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

69. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

70. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully contacting third parties about this debt, and thereby invaded Plaintiff's right to financial privacy.

71. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

72. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

73. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

74. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 22, 2010         **BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                          **Attorney for Plaintiff**

-16-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Heather Harms, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___August___ __22__, __2010__
                Month        Day       Year

_Heather M. Harms_ (signature)
Signature

-17-